IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DOUGLAS LEWIS, JR., #302892, : | |
|     Plaintiff, : | |
| vs. : | CIVIL ACTION 15-418-CG-C |
| JODY CAMPBELL, *et al.*, : | |
|     Defendants. : | |

**REPORT AND RECOMMENDATION**

This § 1983 action is before the Court on plaintiff James Douglas Lewis, Jr.'s motion for injunctive relief ("motion"). (Doc. 9). This motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) and (S). Upon consideration of Lewis's motion, it is recommended that his motion be denied.

**I. Nature of Proceedings.**

    **A. The Motion.**

In his motion, Lewis seeks an order for the "cessation of harassment, intimidation and discrimination of [him] by the staff and officials at G.K. Fountain C.C. ("Fountain")." (*Id.* at 1). Lewis alleges that on October 15, 2016, he was moved to F-dorm, which is an honor dorm that is a reward for inmates with good behavior. (*Id.* at 2). "[B]ecause he is permanently disabled [he found] this dorm [to be] more suitable to his mobility needs." (*Id.*).

On November 7, 2016, the United States Department of Justice ("DOJ") contacted him in response to the formal complaint he filed "about being denied proper medical

care, and being housed in a dormitory that was non-conducive to his disability." (*Id.*). In order to provide the DOJ with information it requested, specifically, names, dates, and times of the reported complaints, he contacted Corizon Health Services for access to his medical records. (*Id.*). Following this request, Lewis contends that inmates and staff in F-dorm singled him out for intimidation and harassment with respect to his medical needs and accommodations for his disability. (*Id.* at 3).

On November 23, 2016, inmate Micheal Jones, at the behest of Correction Officer Blackmon, confronted Lewis about having a plastic chair in his sleeping area. (*Id.* at 3). Previously, when Lewis had arrived at Fountain on March 26, 2016, he was issued a "no standing profile." (*Id.*). Due to the bunk clearance, he must sit on his bed in a bent position, which causes him great pain. (*Id.*). Therefore, he needs to sit in a chair in his living area. (*Id.*).

Lewis maintains that he continues to answer the DOJ's questions concerning the complaint that he filed. (*Id.* at 4). However, "the practice and pattern of not meeting the needs of the disabled both physical and mental is a well known fact." (*Id.*).

On December 13, 2106, Lewis was removed from F-dorm without notice and returned to I-Dorm, which is alleged to be a dangerous dorm. (*Id.*). He was placed in "harm['s] way by being housed where stabbings and fights, assaults and theft are a daily occurrence." (*Id.*). He claims that being disabled and fifty-three years old, he cannot protect himself from able-bodied inmates. (*Id.*). Plaintiff contends that his return into a dangerous environment is punishment for his willingness to cooperate with the DOJ. (*Id.* at 5).

In addition to complaining about the conditions at Fountain, he claims that he has already served forty-one months on charges for which he was accused but not

proven guilty, which, he believes, is sufficient to satisfy his ten-year sentence. (*Id.* at 5). Nonetheless, ADOC did not give him a parole date or its time calculations. (*Id.*).

### B. Complaint and First Amended Complaint.

Lewis's original § 1983 complaint (Doc. 1) and first amended complaint (Doc. 7) contain allegations related to his criminal proceedings and his convictions based on his guilty pleas. In these pleadings, he sued persons related to the criminal proceedings and convictions. (Doc. 1 at 5, 6, 8); (Doc. 7 at 6-17). Furthermore, in the first amended complaint, he named thirty-nine persons as defendants. (Doc. 7 at 6-17). However, not one of the persons named as a defendant in the prior complaints is employed by the Alabama Department of Corrections.

## II. Analysis.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). To prevail on a request for preliminary injunctive relief, the movant must show: "(1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Forsyth County v. U.S. Army Corps of Eng'rs,* 633 F.3d 1032, 1039 (11th Cir. 2011).

Furthermore, Rule 65(d)(2) of the Federal Rules of Civil Procedure, governing injunctive relief and restraining orders, provides that every injunction or restraining order binds only "the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with" an

aforementioned party, after the party has received the required actual notice. FED.R.CIV.P. 65(d)(2)(A-C). Thus, a party from whom injunctive is sought must be a party to the underlying action. *Infant Formula Antitrust Litigation, MDL 88 v. Abbott Laboratories,* 72 F.3d 842, 842-43 (11th Cir. 1995) (finding that the court lacked subject matter jurisdiction over the motion for injunctive relief because it involved a non-party); *Merritt v. Godfrey*, 2015 WL 5439306, at *8 (N.D. Fla. 2015) (unpublished) (denying injunctive relief because Florida's DOC from which he wanted injunctive relief was not sued, only prison officials in their individual capacities had been sued); *cf. Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969)("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."); *Ron Matusalem & Matusa of Fla., Inc. v. Ron Matusalem, Inc.*, 872 F.2d 1547, 1554 (11th Cir. 1989) (applying *Hazeltine*'s rationale to a request for injunctive relief).

### III. Conclusion.

Considering that the staff and officials at Fountain are not defendants to the original complaint or the first amended complaint, Lewis's motion for injunctive relief against these non-defendants is due to be denied.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this  23rd day of December, 2016.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**