IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS LEWIS, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION 15-0418-CG-MU |
| | : | |
| JODY CAMPBELL, *et al.*, | : | |
|     Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff James Douglas Lewis, Jr., an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees (Docs. 1 & 2). This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the Court due to Plaintiff's failure to follow the Court's orders.

In an order dated December 20, 2016 (Doc. 10), the Court observed that Plaintiff's first amended complaint (Doc. 7), consisting of 308 pages, violated Rule 8(a) of the Federal Rules of Civil Procedure's requirement that the complaint be a "short and plain statement." *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). Additionally, the amended complaint violated Rule 8(a)'s requirement for a "demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiff was expressly ordered to file a second amended complaint on or before January 24, 2017, in compliance with Rule 8(a) and on this Court's form for a § 1983 action. S.D. Ala. GenLR 84

(requiring *pro se* litigants to use the Court's forms). He was further advised of the pleading deficiencies in his prior complaints and that the second amended complaint would supersede the original complaint and the first amended complaint. (Doc. 10). Plaintiff was cautioned that failure to comply with the Court's order within the prescribed time would result in the dismissal of this action. (*Id*.).

On March 20, 2017, approximately one month past the deadline to file the second amended complaint, Plaintiff Lewis filed a motion seeking production of "the entire case file" so he could effectively comply with the Court's order and proceed in prosecuting this action. (Doc. 14). The Court granted Plaintiff's motion and directed the Clerk to produce a courtesy copy of the Court's file in this action to Plaintiff. (Doc. 15). The Court further directed the Clerk to send Plaintiff a form for a § 1983 action and, again, ordered Plaintiff to file a second amended complaint on the Court's form on or before April 24, 2017. (*Id*.).

Plaintiff has had no further communications with the Court since March 20, 2017, and has not filed for an extension of time to comply with the Court's order. To date, Plaintiff has not filed, as ordered, a second amended complaint. Given Plaintiff's failure to follow the Court's directives and lack of communication with the Court, it appears that Plaintiff has elected to abandon this action. Upon consideration of other available alternatives, it is **recommended** that this action be **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's orders, as no other lesser sanction will suffice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a

general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied*, 549 U.S. 1228 (2007); *Zow v. Regions Fin. Corp.*, 595 Fed. App'x 887 (11th Cir. 2014) (if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R .CIV. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

3

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 15th day of **May, 2017**.

        s/P. BRADLEY MURRAY
        **UNITED STATES MAGISTRATE JUDGE**